UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-15 |
| | ) | (VARLAN/SHIRLEY) |
| JAMES POLLARD, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on April 12, 2006, for a motion hearing and pretrial conference. Assistant United States Attorney Tracy Stone was present representing the government. Attorney Jonathan Moffatt was present representing Defendant Pollard, who was also present.

Counsel for the defendant made an oral motion to continue the impending April 25, 2006 trial, in order that he might pursue and gain a ruling on the pending motions, namely a Motion to Suppress Alleged Statements [Doc. 10] and a Motion for Bill of Particulars [Doc. 11], and to prepare for trial in light of those rulings. The government stated that it did not object to the defendant's requested continuance of the trial.

The Court questioned the defendant at the hearing, who confirmed that he had discussed his right to a speedy trial with his attorney. He stated that he did not object to his

1

attorney's request that the trial be continued and agreed that he wanted his trial to be continued so that his attorney could pursue the pending motions on his behalf. The defendant furthermore stated that he understood that he must continue to comply with the conditions of his release.

The Court finds the defendant's oral motion to continue the trial to be well taken and finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching April 25, 2006 trial date, the Court finds that the failure to grant a continuance would deprive the parties of adequate time for the Court to hear evidence and argument on the above pending motions, for the Court to consider the motions and prepare a Report and Recommendation, for the parties to object to the Report, for the District Court to rule upon any objections, and for the parties to prepare for trial. See 18 U.S.C. § 3161(h)(1)(J). The Court finds that this process could not be accomplished before the April 25, 2006 court date or in less than approximately four (4) months. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the defendant's oral motion to continue the trial.

In light of these findings and its granting of the oral motion, the Court set a new trial date of **August 16, 2006**. The Court further finds, and the parties agreed, that all the time between the **April 12, 2006** hearing and the new trial date of **August 16, 2006**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(J), -(h)(8)(A)-(B). Regarding further scheduling, a motion hearing is scheduled for **May 1, 2006, at 9:30 a.m.** to hear the pending motions. No further pretrial conferences shall be scheduled.

Accordingly, it is **ORDERED:**

(1) Defendant Pollard's oral motion to continue the trial is **GRANTED**;

(1) The trial of this matter is reset to commence on **August 16, 2006, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(2) All time between the **April 12, 2006** hearing and the new trial date of **August 16, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

(3) A motion hearing is scheduled in this case for **May 1, 2006, at 9:30 a.m.** to hear the pending motions.

**IT IS SO ORDERED.**

ENTER:

     s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3